# NEMETH, FEENEY, MASTERS & CAMPITI, P.C.
## ATTORNEYS AT LAW

PETER J. NEMETH, *Retired*

JAMES A. MASTERS
VINCENT M. CAMPITI

A. ROBERT MASTERS
*also Admitted in Illinois*

REINHOLD SCHROEDER, *of Counsel*
*also Admitted in Michigan*
PETER S. NEMETH, *of Counsel*

350 COLUMBIA STREET
SOUTH BEND, INDIANA 46601

TELEPHONE: (574) 234-0121
            (574) 233-9449
TELEFAX: (574) 234-3141
www.nfmlaw.com

NEW CARLISLE OFFICE:
109 EAST MICHIGAN STREET
P.O. BOX 259
NEW CARLISLE, INDIANA 46552
TELEPHONE: (574) 654-3722

PETER F. NEMETH  (1915-1995)
F. GERARD FEENEY  (1918-2004)
DEVERE D. GOHEEN  (1912-2000)

April 9, 2020

Lowe's Home Centers, LLC
In Care of Ross W. McCanless, Manager
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

*By Certified Mail*
*Return Receipt No. 7017 1450 0000 9768 9185*

*In Reference to*   *Doug Schrof v. Lowe's Home Centers, LLC*
                    Cause No. 71D04-2004-CT-000132
                    St. Joseph Superior Court No. 4

Dear Mr. McCanless:

I represent Doug Schrof of South Bend, Indiana. Enclosed, please find a complaint and summons directed to Lowe's Home Centers, LLC concerning the injury Mr. Schrof suffered at Lowe's Store No. 0200 in Mishawaka, Indiana. The case is proceeding as Cause No. 71D04-2004-CT-000132 in the St. Joseph (Indiana) Superior Court.

Very Truly Yours,

A. Robert Masters

Enclosure

EXHIBIT A

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ST. JOSEPH SUPERIOR COURT |
| | ) SS: | |
| ST. JOSEPH COUNTY | ) | CAUSE NO. 71D04-2004-CT-000132 |

DOUG SCHROF,

    Plaintiff,

v.

LOWE'S HOME CENTERS, LLC,

    Defendant.

**SUMMONS**

**Service by Certified Mail**

Lowe's Home Centers, LLC
In Care of
Ross W. McCanless, Manager
1000 Lowe's Boulevard
Mooresville, North Carolina 28117

TO THE ABOVE-NAMED DEFENDANT:

You have been sued by the parties named "plaintiff" in the above-stated court.

The nature of the suit against you is described in the complaint which is attached to this summons or is on file in the clerk's office. It also states the relief sought or the demand made against you by the plaintiff. An answer or other appropriate response in writing to the plaintiff must be served by you or your attorney upon the plaintiff's attorney whose address is below shown within twenty days commencing the day after you receive this summons (or twenty-three days if this summons was received by mail) and filed with the court within a reasonable time thereafter or a judgment by default may be rendered against you for the relief demand by the plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Clerk's Issuance

Dated this 4/9/2020

_Rita L. Glenn_
Clerk of Court

Manner of Service: **Certified Mail Return Receipt No. 7017 1450 0000 9768 9185**

Attorney for Plaintiff:
A. Robert Masters (#30015-71)
NEMETH, FEENEY, MASTERS
& CAMPITI, P.C.
350 Columbia Street
South Bend, Indiana 46601
Telephone: 574.234.0121
Fax: 574.234.3141
E-Mail: armasters@nfmlaw.com



| CERTIFIED MAIL | CERTIFIED MAIL |
|---|---|
| I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person at the address furnished, by registered/certified mail at South Bend / Mishawaka, Indiana, return receipt requested. | I hereby certify, as indicated in the date issued field, that a copy of this document was sent to the named person at the address furnished, by registered/certified mail at South Bend / Mishawaka, Indiana, return receipt requested. |
| Date Issued: _____ | *receipt no.* 7017 1450 0000 9768 9185  Date Issued: *April 9, 2020*  *A. DC. Webster #30015-71* |
| _____ Clerk of the St. Joseph Circuit and Superior Courts | _____ Signature of Party or Attorney |

**ADMISSION OF SERVICE**

I received a copy of this document on this date _____ and at this location: _____

_____ | Signature of Party     Relationship (if not the within named party)

**RETURN OF SERVICE BY SHERIFF OR OTHER OFFICER**
Enter the alphabetical letter in the space provided to indicate the type of service.

I served a copy of this document as specified: (_____)

READING/delivering a copy     (A) to the within named property

LEAVING A COPY for the within named party
- (B) with the SPOUSE, named:
- (C) with a RELATIVE, named:
- (D) at the RESIDENCE, located at address below:
- (E) with the EMPLOYER, named:
- (F) with a SECRETARY, named:
- (G) with the ATTORNEY, named:
- (H) with this person (OTHER – specify)

_____
Specify the name of person, work supervisor, place of business, or location where copy was left.
(Check if applicable) _____ And by sending a copy of this document by first-class mail to the last known address of the within named person as indicated:

Last Known Address of Person Named in the document (or Change of Address) **TO BE COMPLETED BY PARTY COMPLETING SUMMONS**

I did **not** serve a copy of this document because: (_____)
- (I) the party was NOT FOUND / NO SUCH ADDRESS
- (J) the document EXPIRED
- (K) the party AVOIDED service
- (L) the party REFUSED service
- (M) the party was NO LONGER EMPLOYED at that address
- (N) the document was RETURNED by the authority of the plaintiff
- (O) the party is DECEASED
- (P) the party was UNKNOWN AT THAT ADDRESS
- (Q) the party was on SICK LEAVE / LAY OFF
- (R) the party was on VACATION
- (S) the party was NOT FOUND / VACANT
- (T) the party was NOT FOUND / MOVED
- (U) the party was NOT FOUND IN THIS BAILIWICK
- (V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN
- (W) the location is NO LONGER IN BUSINESS
- (X) several attempts were made / UNABLE TO SERVE
- (Y) of the following reason (OTHER – specify):

I affirm, under the penalty of perjury, that the foregoing representations are true.

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ST. JOSEPH _____ COURT |
| ) SS: | | |
| ST. JOSEPH COUNTY ) | | CAUSE NO. **71D04-2004-CT-000132** |

DOUG SCHROF,                    )
                                )       **COMPLAINT**
          Plaintiff,            )
                                )
v.                              )
                                )
LOWE'S HOME CENTERS, LLC,       )
                                )
          Defendant.            )

Doug Schrof, for his cause-of-action, offers this complaint against Lowe's Home Centers, LLC.

### The Parties

1. Doug Schrof is a resident of St. Joseph County, Indiana.

2. Lowe's Home Centers, LLC is a limited liability company based in North Carolina but registered to do business in Indiana as a foreign LLC.

### Jurisdiction and Venue

3. Lowe's, with stores in both the cites of South Bend and Mishawaka, routinely does business in St. Joseph County, Indiana, and maintains a physical presence in both this state and this county.

4. This case arises from an injury Mr. Schrof suffered at Lowe's Mishawaka store, which is designated internally by Lowe's as Lowe's store number 0200.

### Cause-of-Action for Negligence

5. Lowe's is a well-known, nationwide supplier of home improvement and construction materials to both retail consumers and the trades.

6. On April 23, 2018, Mr. Schrof went to the Lowe's store in Mishawaka. He purchased a gas stove.

7. Owing to the size and weight of the gas stove, a Lowe's employee told Mr. Schrof that Lowe's staff would move the stove out of the store and place it in Mr. Schrof's truck, which was parked in Lowe's parking lot, for him.

8. Although the gas stove was heavy and unwieldy, only one Lowe's employee came out to help Mr. Schrof with the stove.

9. When the Lowe's employee attempted to lift the gas stove into Mr. Schrof's truck, the employee lost his grip on the stove and dropped the stove into Mr. Schrof's arms.

10. As a result of having a heavy piece of equipment dropped on him, Mr. Schrof was injured.

11. The Lowe's employee was acting at all times within the scope and course of his employment with Lowe's and all of his actions were undertaken for Lowe's benefit.

11. Lowe's owed a duty of care to Mr. Schrof.

12. Lowe's breached its duty of care to Mr. Schrof, among other ways, by using only one employee to move a heavy gas stove and then by having that employee mishandle the stove.

13. Lowe's breach of duty to Mr. Schrof was both the actual and legal causes of Mr. Schrof's injuries.

14. Mr. Schrof suffered severe personal injuries as a result of Lowe's breach of its duty to him. He has incurred medical bills and suffers from permanent physical damage as a result of Lowe's behavior. He missed work and lost income due to his injuries.

*Wherefore*, Mr. Schrof prays for a judgment in his favor against Lowe's in the full amount of Mr. Schrof's damages plus all other just and proper relief.

Respectfully Submitted,

/s/ A. R. Masters

A. Robert Masters (#30015-71)
NEMETH, FEENEY,
MASTERS & CAMPITI, P.C.
Attorneys at Law
350 Columbia Street
South Bend, Indiana 46601
574.234.0121 (Telephone)
574.234.3141 (Fax)
armasters@nfmlaw.com
Attorney for Doug Schrof

3

# APPENDIX B TO LOCAL GENERAL AND ADMINISTRATIVE RULES, 100 SERIES

71D04-2004-CT-000132

## NOTICE OF INTENT TO DESTROY CIVIL CAUSE OF ACTION

Pursuant to Local Rule112 of the St. Joseph County Courts ("Rule"), all models, diagrams, documents, or material admitted in evidence or pertaining to this case that has been or will be placed in the custody of the Official Court Reporter as exhibits must be taken away by the parties offering them in evidence, *four (4) months* after the case is decided unless an appeal is taken. If an appeal is taken, all such exhibits must be retained by the Official Court Reporter for *two (2) years* from termination of the appeal, retrial, or subsequent appeal and termination, whichever is latest. These time periods may be altered by Court order.

Evidence which is not retaken after expiration of the applicable retention period, above, will be disposed of by the Sheriff, or his agent, on the Court's Order.

Notwithstanding any provision of the Rule or this Notice to the contrary, the Judge of the St. Joseph Circuit Court, the Judge of the St. Joseph Probate Court, and the Chief Judge of the St. Joseph Superior Court shall have the authority to order the destruction of any evidence that is compromised by age, damage, lack of case identifiers, or inadvertent destruction.